DEOGRACIAS VIERA, demandante y apelante, *v.* MANUEL V. DO-MENECH, en su carácter de TESORERO DE PUERTO RICO, demandado y apelado.

No. 6064.—*Sometido:* Junio 7, 1933.   *Resuelto:* Junio 13, 1933.

*M. A. Martínez Dávila,* abogado del apelante; *Hon. Procurador General Charles E. Winter* y *M. Rodríguez Serra, Procurador General Auxiliar,* abogados del apelado.

EL JUEZ ASOCIADO SEÑOR ALDREY, emitió la opinión del tribunal.

La única controversia entre las partes de este pleito se refiere a una cuestión de hecho.

El Tesorero de Puerto Rico impuso contribución sobre ingresos por el año 1925 a don Deogracias Viera y éste recurrió en alzada ante la Junta de Revisión e Igualamiento, la que después de varias reconsideraciones instadas por Viera fijó definitivamente en $34,500 la cantidad tributable. En 1º de junio de 1931 pagó el Sr. Viera bajo protesta, la contribución correspondiente a esa cantidad y promovió el presente pleito alegando que su ingreso tributable por dicho año no fué de $34,500 sino de $24,000, por lo que solicitó se le devolviese lo pagado en exceso por los $10,500 de diferencia. Se opuso el Tesorero a esa reclamación y celebrado el juicio recayó sentencia declarando sin lugar la demanda. De ella apeló el demandante.

En la opinión que escribió el juez de la corte inferior para

fundar su sentencia hizo una relación de la prueba de ambas partes y estimándola contradictoria declaró que resolvía el conflicto de la evidencia en favor de la parte demandada.

Los motivos alegados para sostener este recurso son: porque la corte inferior resolvió el conflicto de la evidencia a favor de la parte demandada sin explicar las razones para ello: por haber estimado la corte sentenciadora que el apelante recibió $34,500 en 30 de mayo de 1925 en concepto de arrendamiento de su hipódromo Quintana: y porque declaró que el demandante no negó que recibió en 1925 los $10,500 que son objeto de la controversia o que los declarara en la planilla anterior de 1924.

La prueba del demandante consistió en dos escrituras públicas, una de 1925 y otra de 1928 (así dice la exposición del caso, aunque el juez dice ser de 1923 la última escritura), de las que aparece que el Sr. Viera dió en arrendamiento a The Porto Rico Racing Corporation los terrenos por precio de $6,000 al año pagaderos por adelantado y su hipódromo Quintana Racing Park por $18,000 que debían serle satisfechos por trimestres adelantados de $4,500 cada uno, en total $24,000 al año; y las partes admitieron que si el Sr. Viera declarase, hubiese dicho bajo juramento que en 1925 recibió $24,000 por arrendamiento de su hipódromo y terrenos. La prueba de la parte demandada consistió en la declaración que prestó en el juicio Ramón de Jesús, empleado del Departamento de Hacienda a quien se encomendó la inspección de los libros del Sr. Viera, manifestando este testigo que tomó como base para su informe los libros del Sr. Viera en lo referente al arrendamiento mencionado. Presentados esos libros como prueba se halla en el libro mayor un asiento fechado el 30 de mayo de 1925 que dice: "Cuenta de arrendamiento. Cánones cobrados a la Porto Rico Racing Corporation S/LC, $34,500"; y en el libro de caja, y con igual fecha, se dice lo siguiente: "Pagado por la Porto Rico Racing Corporation los siguientes cánones de arrendamiento" y a continuación se encuentran varias cantidades y sus conceptos con un total de $34,500.

Entonces el demandante presentó el libro mayor de la Porto Rico Racing Corporation para demostrar que en 1925 sólo cobró de ella $24,000 por arrendamiento. Esta cuenta sólo contiene fechas y números de cantidades sin especificación de sus conceptos.

Es cierto que según las escrituras presentadas tenía que recibir el Sr. Viera anualmente de la Porto Rico Racing Corporation la cantidad de $24,000 por arrendamiento de su hipódromo y terrenos, pero el hecho que demuestran sus libros es que en 1925 recibió $34,500 por esos conceptos. Dichas escrituras demuestran el derecho que tenía Viera a recibir $24,000 anuales pero sus libros comprueban el hecho de que él recibió $34,500 en 1925, por lo que a tal hecho tenemos que atenernos. El apelante dice que en los $34,500 están incluídos dos plazos trimestrales de $4,500 cada uno correspondientes a 1924 pero sus libros demuestran que esos plazos fueron pagados a él en 1925. Es cierto que el Sr. Viera declaró, según admisión de las partes, que en 1925 recibió $24,000 por el arrendamiento de su hipódromo pero, aparte de que él no declaró que no recibiese mayor cantidad en ese año, su prueba escrita demuestra que recibió $34,500, y por la naturaleza de esta clase de prueba llegamos a la conclusión de que según su evidencia escrita él recibió $34,500. Para contradecir el apelante lo que resulta de su contabilidad presentó el libro mayor de la Porto Rico Racing Corporation para demostrar que en ese año sólo se le pagaron $24,000 por arrendamiento, pero admitiendo que tal cosa aparece de ese libro, lo que no resulta claro ante nosotros por sólo contener fechas y números sin explicación de ellos, habría que llegar a la conclusión de que resultaría prueba contradictoria cuyo conflicto habría que decidir a favor del demandado porque la admisión que contienen los libros del demandante es superior a la que pueda contener el libro de su arrendataria.

*Por lo expuesto la sentencia apelada debe ser confirmada.*